IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

DAVID B. GLAZER (D.C. 400966)
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105
TEL:   (415) 744–6491
FAX:   (415) 744-6476
e-mail:  david.glazer@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEL NORTE COUNTY, *et al.*, | No. 3:10-cv-02047-JSW |
| Plaintiffs, | |
| v. | FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT |
| UNITED STATES FOREST SERVICE, *et al.*, | Date:   N/A |
| Defendants. | Time:   N/A |
| | Courtroom No. 11 |
| | Hon. Jeffrey S. White |

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047- JSW
Federal Defendants' Answer to the Complaint

Federal Defendants United States Forest Service, Six Rivers National Forest, Tyrone Kelley, and May Kay Vandiver hereby plead and assert defenses to the Complaint as follows. Except as expressly admitted, all allegations are denied.

**NATURE OF ACTION**

1. Paragraph 1 of the Complaint describes the nature of Plaintiffs' claims and requires no response; to the extent that a further response is necessary, the Federal Defendants deny that Plaintiffs are entitled to any relief in this action.

2. The first sentence of Paragraph 2 of the Complaint describes the nature of Plaintiffs' claims and requires no further response; to the extent that a further response is necessary, the Federal Defendants admit that the Forest Service has conducted routine road maintenance to restore the hydrologic integrity of certain roads on the Six Rivers National Forest (the "Forest"), but otherwise deny the allegations of this sentence. In response to the second sentence of this Paragraph, the Federal Defendants aver that in February 2007 it consulted with, and obtained the concurrence of, the National Marine Fisheries Service and the U.S. Fish and Wildlife Service for the Forest's road maintenance activities, which are authorized under a Categorical Exclusion ("CE") from further analysis under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370f, which exempts these activities from the potential requirement to perform an Environmental Assessment or Environmental Impact Statement or to provide for public notice and comment; the Federal Defendants otherwise deny the allegations of this sentence.

3. The Federal Defendants admit that the Forest conducted road maintenance on Road 17N92 in 2009, but otherwise deny the allegations of the first two sentence of Paragraph 3 of the Complaint. The third sentence of Paragraph 3 states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of this sentence.

4. The first sentence of Paragraph 4 of the Complaint describes the nature of Plaintiffs' claims and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of this sentence. The second sentence of Paragraph 4 states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint                                                                 1

Defendants deny the allegations of this sentence and aver instead that the Forest Service is currently conducting a process for issuance of a new Motor Vehicle Use Map ("MVUM") for the Smith River National Recreation Area/Gasquet Ranger District ("Smith River NRA" or "NRA").

5. Paragraph 5 of the Complaint describes the nature of Plaintiffs' claims and requires no response.

**JURISDICTION AND VENUE**

6. The first sentence of Paragraph 6 of the Complaint states a legal conclusion and requires no response. The second sentence of Paragraph 6 states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of this sentence.

7. The first sentence of Paragraph 7 of the Complaint states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants admit that the headquarters of the Six Rivers National Forest is located in Eureka, California, within the Northern District of California, and that the Forest is generally located within the Northern District, but deny the remaining allegations of this sentence. The Federal Defendants admit that Del Norte County lies within the Northern District of California, but lack information sufficient to be able to either admit or deny the remainder of the second sentence of Paragraph 7.

**PARTIES**

8. The Federal Defendants admit the first and second sentences of Paragraph 8 of the Complaint. The Federal Defendants lack information sufficient to be able to either admit or deny the third sentence of Paragraph 8. The Federal Defendants admit that the County seat is Crescent City, but otherwise lack information sufficient to be able to either admit or deny the remainder of the fourth sentence of Paragraph 8. The Federal Defendants admit that the Forest is located within the borders of the County, but lack information sufficient to be able to either admit or deny the remainder of the fifth sentence of Paragraph 8. On information and belief, the Federal Defendants admit that the County acts by and through its Board of Supervisors and that the Forest has had discussions with the County concerning certain matters generally addressed in the Complaint, but lack information sufficient to be

able to either admit or deny the remainder of the sixth sentence of Paragraph 8.

9. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 9 of the Complaint.

10. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 10 of the Complaint.

11. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 11 of the Complaint.

12. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 12 of the Complaint.

13. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 13 of the Complaint.

14. The Federal Defendants admit the allegations of Paragraph 14 of the Complaint.

15. The Federal Defendants admit the allegations of Paragraph 15 of the Complaint.

16. The Federal Defendants admit the allegations of the first sentence of Paragraph 16 of the Complaint. The second sentence of Paragraph 16 states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants admit that as Forest Supervisor Tyrone Kelley is generally responsible for managing the activities of the Forest in compliance with applicable law. The third sentence of Paragraph 16 describes the nature of Plaintiffs' claims against Mr. Kelley and requires no response.

17. The Federal Defendants admit the allegations of the first sentence of Paragraph 17 of the Complaint. The second sentence of Paragraph 17 states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants admit that as District Ranger Mary Kay Vandiver is generally responsible for managing the activities on the Smith River NRA/-Gasquet Ranger District in compliance with applicable law. The third sentence of Paragraph 17 describes the nature of Plaintiffs' claims against Ms. Vandiver and requires no response.

## LEGAL FRAMEWORK

18. Paragraph 18 of the Complaint consists of legal conclusions and requires no response.

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint     3

19. Paragraph 19 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

20. Paragraph 20 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

21. Paragraph 21 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

22. The Federal Defendants admit the allegations of the first and second sentences of Paragraph 22 of the Complaint. The third sentence of Paragraph 22 states a legal conclusion and requires no response.

23. Paragraph 23 of the Complaint states a legal conclusion and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

24. Paragraph 24 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

25. Paragraph 25 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

26. Paragraph 26 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

27. Paragraph 27 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

**RESPONSE TO FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

28.    The Federal Defendants admit the allegations of Paragraph 28 of the Complaint.

29.    The Federal Defendants admit the allegations of the first three sentences of Paragraph 29 of the Complaint. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of the fourth sentence of Paragraph 29. The Federal Defendants admit the allegations of the fifth sentence of Paragraph 29.

30.    The Federal Defendants admit the allegations of the first sentence of Paragraph 30 of the Complaint. The Federal Defendants admit that roads and trails on the Forest have been created by or associated with a variety of activities as generally alleged in the second sentence of Paragraph 30, deny that the network of roads and trails on the Forest has included 2,500 miles of roads and 250 miles of trails, and aver instead that approximately 3,000 miles of Forest Service-classified, state, county, private, and unclassified routes exist on the Forest (with 839 miles on the Smith River NRA/Gasquet Ranger District).

31.    The Federal Defendants admit the allegations of the first sentence of Paragraph 31 of the Complaint. The second sentence of Paragraph 31 quotes language from the 1995 Six Rivers Land and Resource Management Plan ("Forest Plan") Record of Decision; such quoted matter speaks for itself and is the best evidence of its contents.

32.    The allegations of Paragraph 32 of the Complaint are vague and ambiguous and, on that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations, except that the Federal Defendants admit generally that, under various circumstances, units of the National Forest System have over time issued "Visitor Use Maps."

33.    The allegations of Paragraph 33 of the Complaint are vague and ambiguous and, on that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations.

34.    The Federal Defendants deny the allegations of Paragraph 34 of the Complaint.

35.    The Federal Defendants admit the allegations of the first sentence of Paragraph 35 of the Complaint. The allegations of the second sentence of Paragraph 35 are vague and ambiguous and, on

that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations. To the extent that a further response is necessary, the Federal Defendants aver that public notification concerning the release of the 2009 MVUM for the Smith River NRA occurred on August 26, 2009, and that the Six Rivers National Forest Service Forest Supervisor and District Ranger of the Smith River NRA/Gasquet Ranger District met with the Del Norte County Board of Supervisors in March, April, June, July, and August of 2009 to discuss the MVUM. The Federal Defendants further aver that the Forest Service is currently conducting a process for issuance of a new MVUM for the Smith River NRA.

36. The Federal Defendants admit that in September 2009, the Forest Service published the 2009 MVUM for the Smith River NRA.

37. The allegations of Paragraph 37 of the Complaint are vague and ambiguous. To the extent that the Federal Defendants are able to respond to those allegations, the Federal Defendants admit that the routes depicted on the 2009 MVUM are not completely congruent with those shown on the 1994 Visitor Map. The Federal Defendants further aver that the 2009 MVUM for the Smith River NRA depicts those routes that may be open to the public in accordance with the Smith River National Recreation Area Act of 1990, the 1995 Six Rivers National Forest Plan, and the 2005 Travel Management Rule, but otherwise deny the remaining allegations of Paragraph 37 of the Complaint.

38. The Federal Defendants admit that the Forest Service is currently conducting a process for issuance of a new MVUM for the Smith River NRA and further aver that a number of the Plaintiffs have been involved in that process; the Federal Defendants otherwise lack information sufficient to be able to either admit or deny the remaining allegations of Paragraph 38 of the Complaint.

39. The Federal Defendants admit that the 2009 MVUM depicts roads and trails open for motor vehicle use on the Smith River NRA and will govern public motor vehicle access in that area, but otherwise deny the allegations of the first two sentences of Paragraph 39 of the Complaint. The third sentence of Paragraph 39 states a legal conclusion to which no further response is required.

40. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 40 of the Complaint.

41. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 41 of the Complaint.

42. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of the first sentence of Paragraph 42 of the Complaint. The Federal Defendants admit that Forest Road 17N92 is not designated for motorized travel under the 2009 MVUM, but deny that there has been a locked gate on Forest Road 17N92 since late 2009.

43. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 43 of the Complaint, except that the Federal Defendants deny that there is a locked gate on Forest Road 17N92.

44. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of the first sentence of Paragraph 44 of the Complaint. The Federal Defendants deny the allegations of the second sentence of Paragraph 44 of the Complaint.

45. The Federal Defendants admit that Forest Service personnel attended a public meeting of the Del Norte County Board of Supervisors on January 26, 2010, at the invitation of the Board, but otherwise lack information sufficient to be able to either admit or deny the remaining allegations of the first two sentences of Paragraph 45 of the Complaint. The Federal Defendants admit that Forest Service personnel answered questions raised by the Board of Supervisors concerning Forest Road17N92; the remaining allegations of the third sentence of Paragraph 45 are vague and ambiguous and, on that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of the fourth sentence of Paragraph 45; to the extent that a recording of the referenced meeting was made, such recording would speak for itself and be the best evidence of its contents.

46. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of the first sentence of Paragraph 46 of the Complaint. The second and third sentences of Paragraph 46 characterize a document and require no response; to the extent that a further response is necessary, the Federal Defendants aver that the document speaks for itself and is the best evidence of its contents.

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint                                                                                              7

47. Paragraph 47 of the Complaint characterizes a document and requires no response; to the extent that a further response is necessary, the Federal Defendants aver that the document speaks for itself and is the best evidence of its contents.

48. Paragraph 48 of the Complaint states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 of the Complaint are vague and ambiguous and, on that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations.

50. The Federal Defendants deny the allegations of the first sentence of Paragraph 50 of the Complaint. The Federal Defendants deny the implied allegations of the second and third sentences of Paragraph 50 that the Forest Service denied an opportunity for the public to comment on or otherwise challenge the contract for road maintenance activities on Forest Road 17N92 to which the public might have otherwise been entitled, but admit that, consistent with applicable law, such opportunity was not provided.

51. The Federal Defendants admit the allegations of Paragraph 51 of the Complaint.

**RESPONSE TO COUNT ONE**

52. The Federal Defendants incorporate by reference their responses to the allegations previously made and incorporated by reference in Paragraph 52 of the Complaint.

53. The Federal Defendants admit that no public process was provided specifically for the 2009 MVUM for the Smith River NRA, but aver that the Forest Service is currently conducting a process for issuance of a new MVUM for the Smith River NRA. The second sentence of Paragraph 53 states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants aver that the regulation quoted speaks for itself and is the best evidence of its contents and further deny the remaining allegations of this sentence.

54. The Federal Defendants deny the allegations of Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint consists of legal conclusions and requires no response; to

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint    8

the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 55 and deny that Plaintiffs are entitled to any relief.

56. Paragraph 56 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 56 of the Complaint.

57. The Federal Defendants deny the allegations of Paragraph 57 of the Complaint.

**RESPONSE TO COUNT TWO**

58. The Federal Defendants incorporate by reference their responses to the allegations previously made and incorporated by reference in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

60. The allegations of Paragraph 60 of the Complaint are vague and ambiguous and, on that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations.

61. The Federal Defendants admit that no NEPA analysis was developed specifically for the 2009 MVUM for the Smith River NRA, but aver that the Forest Service is currently conducting a process for issuance of a new MVUM for the Smith River NRA. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of the second sentence of Paragraph 61, insofar as those allegations concern Plaintiffs' state of knowledge.

62. The first sentence of Paragraph 62 of the Complaint states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants admit that the 2009 MVUM sets forth the roads and trails that are open and closed to motor vehicle use by the public on the Smith River NRA. The second sentence of Paragraph 62 states a legal conclusion and requires no response; to the extent that a further response is required, the Federal Defendants state that the allegations of that sentence are vague and ambiguous and, on that basis, the Federal Defendants lack information sufficient to be able to either admit or deny those allegations.

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint                                                               9

1    63.    Paragraph 63 of the Complaint states a legal conclusion and requires no response.

2    64.    Paragraph 64 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 64 and deny that Plaintiffs are entitled to any relief.

65.    Paragraph 65 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 65 of the Complaint.

66.    The Federal Defendants deny the allegations of Paragraph 66 of the Complaint.

**RESPONSE TO COUNT THREE**

67.    The Federal Defendants incorporate by reference their responses to the allegations previously made and incorporated by reference in Paragraph 67 of the Complaint.

68.    The Federal Defendants deny the allegations of Paragraph 68 of the Complaint.

69.    Paragraph 69 of the Complaint is vague and ambiguous and appears to state an expert opinion; to the extent that a further response is required, the Federal Defendants deny the allegations of Paragraph 69 of the Complaint.

70.    The Federal Defendants deny the implied allegations of Paragraph 70 of the Complaint that NEPA analysis was required for the contract for road maintenance activities on Forest Road 17N92 or that the Forest Service denied an opportunity for the public to comment on or otherwise challenge those activities to which the public might have otherwise been entitled; the Federal Defendants aver that the Forest Service invoked the road maintenance CE in connection with the contract and, thus, was not required to provide for notice and comment on those road maintenance activities.

71.    Paragraph 71 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 71 and deny that Plaintiffs are entitled to any relief.

72.    The first sentence of Paragraph 72 of the Complaint consists of legal conclusions and requires no response. The Federal Defendants deny the implied allegations of the second sentence of Paragraph 72 that the Forest Service denied an opportunity for the public to comment on or otherwise

challenge the contract for road maintenance activities on Forest Road 17N92 to which the public might have otherwise been entitled, but admit that, consistent with applicable law, such opportunity was not provided.

73. The Federal Defendants deny the allegations of Paragraph 73 of the Complaint.

**RESPONSE TO COUNT FOUR**

74. The Federal Defendants incorporate by reference their responses to the allegations previously made and incorporated by reference in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants aver that the contract for road maintenance activities on Forest Road 17N92 was required to be carried out in accordance with the contract terms, which were approved by the Forest Service.

76. The Forest Service denies the allegations of Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint states a legal conclusion and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 77 of this Complaint.

78. Paragraph 78 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 78 and deny that Plaintiffs are entitled to any relief.

79. The first sentence of Paragraph 79 of the Complaint consists of legal conclusions and requires no response. The Federal Defendants deny the implied allegations of the second sentence of Paragraph 79 that the Forest Service denied an opportunity for the public to comment on or otherwise challenge the contract for road maintenance activities on Forest Road 17N92 to which the public might have otherwise been entitled, but admit that, consistent with applicable law, such opportunity was not provided.

80. The Federal Defendants deny the allegations of Paragraph 80 of the Complaint.

**RESPONSE TO COUNT FIVE**

81. The Federal Defendants incorporate by reference their responses to the allegations

previously made and incorporated by reference in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

83. Paragraph 83 of the Complaint consists of legal conclusions and requires no response; to the extent that this Paragraph contains quoted matter, the source of such quoted matter speaks for itself and is the best evidence of its contents.

84. Paragraph 84 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 85 and deny that Plaintiffs are entitled to any relief.

86. Paragraph 86 of the Complaint consists of legal conclusions and requires no response; to the extent that a further response is necessary, the Federal Defendants deny the allegations of Paragraph 86 of the Complaint.

87. The Federal Defendants deny the allegations of Paragraph 87 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

The remaining paragraphs of Plaintiffs' complaint set forth Plaintiffs' request for relief and do not require a response; to the extent that a further response is necessary, Federal Defendants deny that Plaintiffs are entitled to any relief.

**GENERAL DENIAL**

Federal Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

**DEFENSES**

**First Defense**

Some or all of Plaintiffs' Claims are not ripe, and therefore the Court lacks subject matter

jurisdiction over those claims.

**Second Defense**

Some or all of Plaintiffs' claims are moot, and therefore the Court lacks subject matter jurisdiction over those claims.

**Third Defense**

Some or all of the Plaintiffs lack standing to pursue some or all of the claims alleged.

WHEREFORE, the Federal Defendants request that the Court dismiss Plaintiffs' Complaint or enter judgment in favor of the Federal Defendants and grant such other relief as may be appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: July 9, 2010 | IGNACIA S. MORENO<br>Assistant Attorney General<br>Environment & Natural Resources Division |
|  | /s/*David B. Glazer*<br>DAVID B. GLAZER<br>Natural Resources Section<br>Environment & Natural Resources Division<br>United States Department of Justice<br>301 Howard Street, Suite 1050<br>San Francisco, California<br>Tel:  (415) 744-6491<br>Fax:  (415) 744-6476<br>E-mail:  David.Glazer@usdoj.gov |
|  | *Attorneys for the Federal Defendants* |

OF COUNSEL

Sarah Birkeland
Office of General Counsel
U.S. Department of Agriculture

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint                                                               13

CERTIFICATE OF SERVICE

I, David B. Glazer, hereby certify that, on July 9, 2010, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 9, 2010                    /s/*David B. Glazer*
                                        David B. Glazer

*Del Norte County, et al. v. U.S. Forest Service, et al.*, No. 3:10-cv-02047-JSW
Federal Defendants' Answer to the Complaint                                    14