PAUL A. TURCKE (admitted *pro hac vice*)
MOORE SMITH BUXTON & TURCKE
950 West Bannock Street, Suite 520
Boise, Idaho 83702
Telephone:  (208) 331-1800
Facsimile:  (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone:  (916) 381-8300
Facsimile:  (916) 381-8726
dlporter2@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL NORTE COUNTY, CALIFORNIA; DEL NORTE ROD AND GUN CLUB; LAKE EARL GRANGE; NORTH COAST CLIFFHANGERS 4 WHEEL DRIVE CLUB; CALIFORNIA ASSOCIATION OF 4 WHEEL DRIVE CLUBS; BLUE RIBBON COALITION; | ) ) ) ) ) )  Case No.  CV 10-2047-JSW |
| Plaintiffs, | ) )  JOINT CASE MANAGEMENT ) CONFERENCE STATEMENT |
| v. | ) ) |
| UNITED STATES FOREST SERVICE; an agency of the United States Department of Agriculture; SIX RIVERS NATIONAL FOREST; TYRONE KELLEY, Forest Supervisor, Six Rivers National Forest; MARY KAY VANDIVER, District Ranger, Gasquet Ranger District/Smith River National Recreation Area; | )  Date:  Aug. 27, 2010 )  Time:  1:30 p.m. )  Courtroom 11, 19th Floor )  Hon. Jeffrey S. White ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| KLAMATH-SISKIYOU WILDLANDS CENTER; and WILDLANDS CPR, | ) ) ) |
| Defendant-Intervenors. | ) ) |

JOINT CASE MANAGEMENT STATEMENT – Page 1

The parties to this action, through their undersigned counsel of record, submit this Joint Case Management Conference Statement. Counsel believe that relevant matters have been fully addressed below and that the purposes of the Case Management Conference can be properly addressed by the Court upon submission of this Joint Statement, and respectfully request that the Court enter an appropriate case management order and vacate the Conference presently set for August 27, 2010.

In this joint statement the term "Defendants" shall include Intervenor-Defendants unless specifically indicated otherwise.

1.    Jurisdiction and Service

Defendants are evaluating jurisdictional issues. The Answer raises defenses identifying possible jurisdictional issues, including ripeness, mootness, and standing. The Federal Defendants acknowledge service of process.

2.    Facts

This case involves challenges to actions or omissions by the Six Rivers National Forest ("Forest") located in Del Norte, Humboldt, Trinity and Siskiyou counties. Specifically, Plaintiffs allege the Forest failed to comply with applicable law (1) by issuing a Motor Vehicle Use Map ("MVUM") without undertaking necessary public review; and (2) by decommissioning one or more routes without performing required analysis. In September, 2009, the Forest published an MVUM. The MVUM is a map which depicts the roads, trails and areas which can be traveled by specified types of motor vehicles. Motor vehicles cannot be operated on the Forest except in conformance with the MVUM. Plaintiffs allege that the MVUM was not adopted with sufficient public input. Plaintiffs further allege that the MVUM made changes to any previous maps or route designations that existed on the Forest.

JOINT CASE MANAGEMENT STATEMENT – Page 2

Additionally, Plaintiffs allege that the Forest undertook "decommissioning" or "rehabilitation" efforts on a specific road in the Forest, called Forest Road 17N92, without disclosing the project to the public or conducting analysis of the potential effects associated with the project.  The project involved removal of culverts, drainage excavation, installation of "water bars," "rolling dips," and other erosion control methods, and "roadway obliteration."  Defendants hired a private contractor to undertake the project.  Members of Plaintiff organizations became aware of the project when they observed the contractor's equipment and activity along Road 17N92 in late 2009.

The Federal Defendants state that the 2009 MVUM reflects those routes in the Smith River National Recreation Area/Gasquet Ranger District whose designations are consistent with the Smith River National Recreation Area Act of 1990 and the 1995 Six Rivers National Forest Plan.  The Forest is currently engaged in a process for updating the 2009 MVUM and, in that connection, has endeavored to involve the County and potentially affected user groups.

The Federal Defendants deny that the Forest has "decommissioned" Forest Road 17N92. That road is a "Level 1" road, meaning that it is closed to the public and is to be maintained so as to minimize or eliminate the need for ongoing maintenance to avoid sedimentation and other hydrological concerns.  Work that has been done on the road has been designed to maintain its "Level 1" condition.  That work was performed in accordance with a Categorical Exclusion ("CE"), promulgated under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370f, that covers such road maintenance activities ("Road Maintenance CE").

3.    Legal Issues

The Complaint asserts claims that arise under or implicate various federal statutes or regulations, including the National Forest Management Act, 16 U.S.C. § 1600 et seq.

JOINT CASE MANAGEMENT STATEMENT – Page 3

("NFMA"); NEPA; and the Forest Service "Travel Management Rule," 70 Fed.Reg. 68264-68291 (Nov. 9, 2005), the relevant provisions of which are codified at 36 C.F.R. part 212.  None of these statutes or regulations waive sovereign immunity or create a private right of action; therefore review is authorized by and proceeds under the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (the "APA").

Plaintiffs' five (5) claims generally allege the Forest failed to perform mandatory procedures prior to undertaking the actions at issue:  (1) publication of the MVUM; and (2) performing ground-disturbing activity on Road 17N92.  With regard to Plaintiffs' MVUM claims, the applicable regulation states that "[t]he public shall be allowed to participate in the designation [process]…and revising those designations…."  36 C.F.R. § 212.52(a).  The regulation further provides that "[a]dvance notice shall be given to allow for public comment, consistent with agency procedures under [NEPA], on proposed designations and revisions."  *Id.* However, the regulation creates an exception to the aforementioned public involvement requirements in limited circumstances, noting that:

> [p]ublic notice with no further public involvement is sufficient if a National Forest or Ranger District has made previous administrative decisions, under other authorities and including public involvement, which restrict motor vehicles over the entire National Forest or Ranger District to designated routes and areas, and no change is proposed to these previous decisions and designations.

*Id.* Plaintiffs contend that the MVUM was issued in violation of applicable law, and most notably the procedures set forth in the cited regulation.

With regard to Road 17N92, Plaintiffs essentially contend that ground disturbing activity, particularly in the vicinity of watersheds of concern like the N. Fork Smith River, requires advance notice and analysis under NEPA to disclose and/or analyze the potential that a major

JOINT CASE MANAGEMENT STATEMENT – Page 4

federal action may significantly affect the quality of the human environment.  *See*, NEPA, 42 U.S.C. § 4332(2)(C).

As noted above, the Forest is in the process of preparing a revised MVUM.  Accordingly, Plaintiffs' challenge as to the 2009 MVUM is moot, and any challenge to a revised MVUM is not yet ripe.  The Federal Defendants assert that activities conducted on Forest Road 17N92 were and are proper under the Road Maintenance CE.

4.      Motions

The parties anticipate presenting this matter on cross-motions for summary judgment, as detailed below.

5.      Amendment of Pleadings

The parties do not anticipate amendment of the complaint or answers.

6.      Evidence Preservation

 The parties do not believe there are any issues concerning the preservation of evidence.

7.      Disclosures

The parties believe that this case falls within the exception to the initial disclosure requirements for cases reviewed on the administrative record, Fed. R. Civ. R. 26(a)(1)(B)(i).

8.      Discovery

This case involves a challenge to agency action arising under the APA.  Accordingly, counsel do not presently anticipate that any discovery will be necessary or appropriate on the merits.  Plaintiffs' claims are generally to be reviewed pursuant to the APA based upon an administrative record to be compiled by Federal Defendants.  *See, e.g.*, *Camp v. Pitts*, 411 U.S.

JOINT CASE MANAGEMENT STATEMENT – Page 5

138, 142 (1973) ("the focal point for judicial review" should be the administrative record compiled by the agency).  There exist limited exceptions to this rule, which counsel do not presently anticipate will be applicable here.

However, the Federal Defendants may, as necessary, seek limited discovery on standing, but believe that such discovery can be conducted if necessary during the time that the Forest Service is compiling the administrative record.

9.    Class Action

This is not a class action.

10.    Related Cases

The parties are not aware of any currently pending cases that are "related" within the meaning of Civil LR 3-12(a).

11.    Relief

Plaintiffs seek declaratory judgment and an order directing the Federal Defendants to comply with NEPA, NFMA, and the Travel Management Rule.  Defendants deny that Plaintiffs are entitled to any relief in this case.

12.    Settlement and ADR

Counsel have requested a telephone conference with the Court's ADR staff, which is currently scheduled for August 24, 2010.

13.    Consent to a Magistrate Judge for All Purposes

The parties do not consent to a reference to a Magistrate Judge for all purposes in this case.

JOINT CASE MANAGEMENT STATEMENT – Page 6

14.     Other References

The parties do not believe that any other type of reference is suitable in this case at this time.

15.     Narrowing of Issues

The parties believe that the case may be resolved on cross-motions for summary judgment and that further narrowing of any issues is not necessary.

16.     Expedited Schedule:

The parties believe that scheduling is appropriate as outlined in item 17 below.

17.     Scheduling

The parties propose a litigation schedule below, which they agree may be entered by the Court if the Court deems it acceptable. In the alternative, the parties suggest that the Court may set the proposed date for filing and certification of the administrative record and then schedule a further Case Management Conference not less than 30 days thereafter so that the Plaintiffs and Intervenors can evaluate the administrative record, indicate whether any proceedings are necessary to consider supplementation of the record, and propose a schedule for further proceedings.

Proposed Schedule:

(a)     Lodging and Service of the Administrative Record. The Federal Defendants shall certify, submit, and serve the Administrative Record on or before October 30, 2010.

(b)     Motions to Supplement the Administrative Record or Seek Discovery. If any other party believes that the administrative record is incomplete, that party may send notice to the other parties so that they may attempt to resolve any disputes in good faith without Court involvement. If, after a period of fifteen (15) days following such notice, the dispute remains

JOINT CASE MANAGEMENT STATEMENT – Page 7

unresolved, the party raising the dispute may file a motion seeking to supplement the record

through discovery or related procedures, consistent with applicable law.  Any such motion shall

be filed on or before December 15, 2010..   A party thereafter seeking to supplement the record

with additional material must demonstrate good cause for the failure to first offer that material in

accordance with the procedures just described, in addition to demonstrating that the proposed

supplementation complies with applicable principles of law.

(c).   Motions for Summary Judgment.  The parties will present the merits through

cross-motions for summary judgment according to the following schedule:

(1)   Plaintiffs will file their motion and supporting papers on or before January 28,

2011, or within 30 days of the resolution of any pending motion to supplement the administrative

record and the filing, if necessary, of any supplemental record documents, whichever is later.

(2)   The Federal Defendants and Intervenors each will file their respective cross-

motions and supporting papers within 28 days of Plaintiffs' opening motion.

(3)   Plaintiffs will file their responsive brief(s) within 21 days of the Federal

Defendants' and Intervenors' cross-motions.

(4)   The Federal Defendants and Intervenors will file their responsive briefs within 21

days of the Plaintiffs' responsive brief(s).

(d)   Page Limits.  Briefs in support of opening motions and cross-motions shall be

limited to 25 pages.  Responsive briefs shall be limited to 15 pages.

(e).   Hearing on Motions.  The parties request that the Court hear oral argument on the

cross-motions, at a date acceptable to the Court following the close of briefing.  Due to

previously-scheduled commitments, counsel respectfully request that if possible, argument be

heard on or before May 20, 2011.

JOINT CASE MANAGEMENT STATEMENT – Page 8

18.     Trial

As noted above, the parties agree that this case will likely be resolved on summary judgment.

19.     Disclosure of Non-Party Interested Entities or Persons

This disclosure requirement does not apply to the federal government.  Plaintiffs have filed a certificate under Civil L.R. 3-16 indicating there are no interests requiring disclosure.

20.     Other Matters

The parties know of no other matters that need to be addressed at this point.

Respectfully submitted,

FOR THE PLAINTIFFS

DATED:  August 13, 2010                 /s/_____*Paul A. Turcke*_____
                                        PAUL A. TURCKE
                                        Moore Smith Buxton & Turcke, Chtd.
                                        950 West Bannock Street, Suite 520
                                        Boise, ID 83702
                                        Tel:  (208) 331-1800
                                        Fax:  (208) 331-1202
                                        E-mail:  pat@msbtlaw.com


FOR THE DEFENDANTS

DATED:  August 13, 2010                 IGNACIA S. MORENO
                                        Assistant Attorney General
                                        Environment & Natural Resources Division
                                        /s/_____*David B. Glazer*_____
                                        [Concurrence obtained per General Order 45.X]

JOINT CASE MANAGEMENT STATEMENT – Page 9

DAVID B. GLAZER
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California
Tel:  (415) 744-6491
Fax: (415) 744-6476
E-mail:  David.Glazer@usdoj.gov


FOR THE INTERVENORS

DATED:  August 13, 2010            /s/_____*Susan Jane Brown*_____
                                   [Concurrence obtained per General Order 45.X]
                                   SUSAN JANE BROWN
                                   Western Environmental Law Center
                                   4107 N.E. Couch Street
                                   Portland, OR 97232
                                   Tel:  (503) 914-1323
                                   Fax: (541) 723-4426
                                   E-mail:  brown@westernlaw.org


ATTORNEY ATTESTATION OF CONCURRENCE

I hereby attest that I have obtained the concurrence of Defendants' and Intervenors'
counsel in this filing, indicated by their signatures of counsel represented by a "conformed"
signature ("/s/") within this e-filed document.


Dated:  August 13, 2010            /s/_____*Paul A. Turcke*_____
                                   PAUL A. TURCKE


JOINT CASE MANAGEMENT STATEMENT – Page 10

CERTIFICATE OF SERVICE

I, Paul A. Turcke, hereby certify that on August 13, 2010, I caused the foregoing to be served upon counsel of record the Court's CM/ECF system.  I declare under penalty of perjury that the foregoing is true and correct.


/s/*Paul A. Turcke*
Paul A. Turcke

JOINT CASE MANAGEMENT STATEMENT – Page 11